IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 8, 2001 Session

## DOLORES E. ROSSELLO v. MICHAEL MAGILL, Commissioner

**Appeal from the Chancery Court for Davidson County**
**No. 00-1985-I     Irvin H. Kilcrease, Jr., Chancellor**

_____

**No. M2001-00113-COA-R3-CV - Filed September 19, 2001**

_____

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. WILLIAM C. KOCH, JR.,.J., joined.

Peter Skeie, Nashville, Tennessee, for the appellant, Dolores E. Rossello.

Paul G. Summers, Attorney General and Reporter; and Douglas Earl Dimond, Assistant Attorney General, for the appellee, Michael Magill, Commissioner, Tennessee Department of Labor and Workforce Development, Division of Employment Security.

### MEMORANDUM OPINION

The judgment of the Chancery Court is affirmed pursuant to Rule 10, Rules of the Court of Appeals.[1]

The appellant was employed by a law firm as a paralegal and assigned to work for a specific attorney, Laura Stewart. She worked about two months before she was terminated.

If Ms. Rossello voluntarily quit her job without good cause, she is disqualified from receiving unemployment benefits. Tenn. Code Ann. § 50-7-303(a)(1). She insists that she was fired, and hence entitled to benefits, stating that she "could no longer work under circumstances where I

---

[1] **Affirmance Without Opinion - Memorandum Opinion.** (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]

was being verbally and emotionally abused by Laura Stewart." The employer insists that Ms. Rossello voluntarily quit.

She was initially denied benefits by the Department, which thereafter determined that she was entitled to benefits. The employer appealed to the DES Appeals Tribunal whose Referee conducted a hearing on February 24, 2000. The evidence was conflicting on the issue of whether Ms. Rossello quit her job, or was discharged for misconduct, but she conceded that she had stated to Ms. Haas, a member of the law firm, that she would not work for Laura Stewart under any circumstances.

The Appeals Referee found that Ms. Rossello voluntarily quit her job, and that she was not harassed by anyone. The Board of Review affirmed the Appeals Tribunal. On petition for certiorari, the Chancery Court affirmed the Board of Review.

If the decision of DEC is supported by material evidence, the Courts must affirm. Tenn. Code Ann. § 50-7-303(a)(1). Substantial and material evidence is "any relevant evidence which a reasonable mind might accept to support a rational conclusion, and which furnishes a reasonably sound basis for the action being reviewed." *Frogge v. Davenport*, 906 S.W.2d 920 (Tenn. Ct. App. 1995). This record reflects substantial and material evidence reinforced by a determination of credibility of the witnesses. *See, Price v. Tennessee Civil Service Commission*, 1997 WL 203603. (Tenn. Ct. App. 1997).

The judgment is affirmed at the costs of the appellant, Dolores E. Rossello.

_____
WILLIAM H. INMAN, SENIOR JUDGE